COURT OF APPEALS
DECISION
DATED AND FILED

July 29, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP2088**

Cir. Ct. No. 2023GN197

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

IN THE MATTER OF THE GUARDIANSHIP OF C.R.R.:

KELLY R. ROSE,

PETITIONER-RESPONDENT,

WAUKESHA COUNTY,

INTERESTED PARTY-RESPONDENT,

V.

C.R.R.,

RESPONDENT,

RUSSELL O. ROSE,

INTERESTED PARTY-APPELLANT.

APPEAL from an order of the circuit court for Waukesha County: CODY J. HORLACHER, Judge. *Affirmed*.

Before Gundrum, Grogan, and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Russell O. Rose appeals from an order of the circuit court dismissing his eighth petition for review of conduct of his adult son's guardian, Kelly R. Rose. For the following reasons, we affirm.

## BACKGROUND

¶2 In November 2023, Cory's[1] mother, Kelly, petitioned to be appointed permanent guardian of his person. Thereafter, his father, Russell, cross-petitioned to be designated the permanent guardian of both Cory's person and estate. Cory's mother and father are divorced, and at the time the petitions were filed, Cory was 17 years old. Cory's diagnosed condition causes him to experience "chronically … significant delays in cognitive, language, and social functioning."

---

[1] Consistent with WIS. STAT. RULE 809.19(1)(g) (2023-24), we refer to C.R.R. by the pseudonym "Cory." Because his parents share the same surname, we refer to each by their first name.

All references to the Wisconsin Statutes are to the 2023-24 version.

¶3      After the February 2024 guardianship hearing, the circuit court dismissed Russell's guardianship petitions and appointed Kelly as Cory's sole guardian of his person.[2]

¶4      Thereafter, Russell filed successive petitions for review of conduct of a guardian, continually alleging that Kelly knowingly isolated their son Cory from him in violation of WIS. STAT. § 54.68(2)(cm) and/or that Kelly was not acting in Cory's best interests in violation of § 54.68(2)(g).  We affirmed the circuit court's denial of Russell's first petition and dismissal of his second, fourth, and fifth petitions for review of conduct.[3]  ***Rose v. C.R.R.***, 2025 WI App 52, 418 Wis. 2d 155, 25 N.W.3d 293, *review denied* (WI Feb. 12, 2026 (No. 2024AP1450); ***Rose v. C.R.R.***, Nos. 2025AP267 and 2025AP443, unpublished slip op. (WI App Dec. 10, 2025).  Russell filed a sixth and seventh review of conduct, in April and May 2025, respectively, the dismissals for which he appealed to this court, and both of which we affirmed.  ***Rose v. C.R.R.***, No. 2025AP1403, unpublished slip op. (WI App July 22, 2026).  In that opinion, we concluded that Russell was not an "interested person" under WIS. STAT. § 54.01(17)(b), and therefore he had no standing to petition for a review of conduct of his adult son's guardian.  ***Id.***, ¶¶19-20.

¶5      Russell filed an eighth review of conduct petition in August 2025. In a September 2025 order, the circuit court dismissed the petition because he "is not an interested person as outlined in [WIS. STAT. §] 54.01(17)(b)" and

---

[2] Instead of appointing a guardian of the estate, the circuit court designated a transfer according to one of the alternatives for small estates under WIS. STAT. § 54.12(1).

[3] Russell withdrew his third petition to review the conduct of a guardian at an October 14, 2024 hearing.

alternatively as barred by res judicata, or claim preclusion. The court found "that Russell's continued and incessant filings of [r]eview of [c]onducts are frivolous and without merit." The court prohibited Russell from filing anything further in this matter, without prior leave of the court. Russell appeals.

## DISCUSSION

¶6 Russell posits the following claims: (1) whether the circuit court erred in removing him as a party to the matter "contrary to [WIS. STAT. §] 50.085(1)(am)"; (2) whether the court erred in not holding a hearing for the petition for review of conduct "as required by [WIS. STAT. §] 54.68(3)"; (3) whether the court erred in its application of res judicata; (4) whether the court "is in perpetual error for continuing to waive the appearance of [Cory] throughout the entirety of this matter"; (5) whether the court erred in finding Russell's filing to be frivolous; (6) whether the court "erred in sanctioning [Russell] without an order to show cause hearing"; and (7) whether the court erroneously exercised its discretion in "prohibit[ing Russell] from filing anything further in this case in any Wisconsin … [c]ourt." (Formatting altered.)

¶7 To start, we observe that Russell's arguments generally lack citations to relevant legal authority. While we acknowledge that Russell is a pro se litigant for whom "some leniency may be allowed," *Waushara County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992), pro se litigants "are bound by the same rules that apply to attorneys on appeal," *id.*, and "we will not abandon our neutrality to develop arguments," *Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82. Where Russell's arguments are not supported by legal authority, we need not address them. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992)

("Arguments unsupported by references to legal authority will not be considered."). Nevertheless, in the interest of completeness, we will address Russell's individual arguments as best we are able to discern them.

1. *The circuit court did not err in finding that Russell is not an "interested person" for purposes of proceedings subsequent to an order for guardianship.*

¶8 Russell argues that the circuit court erred in removing him as an "interested person" or party in this matter. To assert his status as an interested person, Russell mistakenly relies on WIS. STAT. § 50.085(1)(am), which is the definitions section for the statute concerning visitation by family members at care and service residential facilities; this statute is not applicable to the matter before this court. As Russell fails to develop legal arguments supporting his claim, we decline to consider it. *See* **Pettit**, 171 Wis. 2d at 646.

¶9 Issues of statutory interpretation present questions of law that we review independently of the circuit court, although we benefit from its analysis. **State v. Popenhagen**, 2008 WI 55, ¶32, 309 Wis. 2d 601, 749 N.W.2d 611. The relevant statute in this matter is in WIS. STAT. ch. 54, which defines "interested person" specifically as it pertains to the type of proceeding: those who are interested persons "[f]or purposes of a petition for guardianship," WIS. STAT. § 54.01(17)(a), and those who are interested persons "[f]or purposes of proceedings subsequent to an order for guardianship," § 54.01(17)(b). A determination and order for guardianship of Cory has been rendered,[4] and any subsequent proceedings are governed by § 54.01(17)(b).

---

[4] At the time the parties filed their respective petitions for permanent guardianship, "[i]nterested person[s]" included, as relevant to "purposes of a petition for guardianship":

(continued)

¶10    "For purposes of proceedings subsequent to an order for guardianship," "[i]nterested person[s]" are defined as follows:

> 1.  The guardian.
>
> 2.  The spouse or adult child of the ward or the parent of a minor ward.
>
> 3.  The county of venue, through the county's corporation counsel, if the county has an interest.
>
> 4.  Any person appointed as agent under a durable power of attorney under [WIS. STAT.] ch. 244, unless the agency is revoked or terminated by a court.
>
> 5.  Any other individual that the court may require, including any fiduciary that the court may designate.

WIS. STAT. § 54.01(17)(b).

¶11    Under this statute, Russell does not qualify as an "interested person" "[f]or purposes of proceedings subsequent to an order for guardianship." He is not Cory's guardian; he is not Cory's spouse or adult child, nor is he the parent of a minor ward, as Cory is over the age of 18; he is not an appointed agent under a durable power of attorney; and he is not otherwise required or designated by the court as a fiduciary. Because statutorily he is not an interested person in this case, we conclude he has no standing to pursue a petition for review of conduct in this matter.

---

> 2.  The spouse or adult child of the proposed ward, or the parent of a proposed ward who is a minor.
>
> 3.  For a proposed ward who has no spouse, child, or parent, an heir, as defined in [WIS. STAT. §] 851.09, of the proposed ward that may be reasonably ascertained with due diligence.

WIS. STAT. § 54.01(17)(a)2., 3. At that time, Russell statutorily was an "interested person."

*2. The circuit court did not err by not holding a hearing for the petition for review of conduct.*

¶12    Russell claims that he is entitled to a hearing under WIS. STAT. § 54.68(3).  He is mistaken because the statute presupposes a petition is properly brought by a person authorized to seek review of the guardian's conduct. Section 54.68 governs petitions for review of conduct, and WIS. STAT. § 54.01(17)(b) defines who qualifies as an "interested person" in post-guardianship proceedings, including the guardian, specified family members, the county when it has an interest, an agent under a power of attorney, and any additional individual the court requires.  Sec. 54.01(17)(b).

¶13    This reading is consistent with WIS. STAT. ch. 54.  Chapter 54 defines who qualifies as an "interested person" in proceedings commenced after a guardianship order.  *See* WIS. STAT. § 54.01(17)(b).  Moreover, WIS. STAT. § 54.68(4) authorizes the court to provide relief "[i]f petitioned by any party or on the court's own motion."  Reading §§ 54.01(17)(b) and 54.68 together, the persons entitled to participate as parties in a proceeding under § 54.68 are the statutorily defined "interested person[s]."  Because Russell does not fall within that definition and the circuit court did not designate him an interested person under § 54.01(17)(b)5., we conclude he was not entitled to a hearing or to seek relief under § 54.68.  *See* § 54.68(3), (4).

*3. The circuit court did not err in finding that Russell's petition is barred by res judicata.*

¶14    Russell claims that the circuit court erred in barring his petition pursuant to res judicata.  Whether the doctrine of claim preclusion, or res judicata, applies under a given factual scenario is a question of law that the appellate court

7

reviews de novo. ***Northern States Power Co. v. Bugher***, 189 Wis. 2d 541, 551, 525 N.W.2d 723 (1995).

> In Wisconsin, the doctrine of claim preclusion [or res judicata] has three elements:
>
> > (1) identity between the parties or their privies in the prior and present suits;
> >
> > (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and
> >
> > (3) identity of the causes of action in the … suits.

***Kruckenberg***, 279 Wis. 2d 520, ¶21 (citation omitted). In all of Russell's review of conduct petitions, he sought and continues to seek to remove his ex-wife Kelly as guardian of Cory, the circuit court had issued final judgment where it found six times prior on the merits that Kelly was not isolating Cory from his family or acting against Cory's best interests, and the causes of action in all the petitions for review of conduct rested on WIS. STAT. § 54.68(2)(cm) and/or § 54.68(2)(g). We conclude that Russell's eighth petition for review of conduct is barred by res judicata and affirm the circuit court's decision.

¶15 Russell argues that he presents new facts in his successive petitions for review of conduct and he does not believe res judicata applies. However, "Wisconsin has adopted the 'transactional approach' set forth in the Restatement (Second) of Judgments to determine whether there is an identity of the claims between two suits." ***Kruckenberg***, 279 Wis. 2d 520, ¶25 (citing ***DePratt v. West Bend Mut. Ins. Co.***, 113 Wis. 2d 306, 311-12, 334 N.W.2d 883 (1983)). *See* Restatement (Second) of Judgments (1982). Although Russell alleges additional facts, the petitions arise from the same aggregate operative facts and challenge the same course of conduct that formed the basis of the prior proceedings, based on his allegation that Kelly is "[k]nowingly isolating a ward

from the ward's family members[,]" *see* WIS. STAT. § 54.68(2)(cm), and/or that Kelly is not acting in Cory's best interests, *see* § 54.68(2)(g). The newly alleged facts do not constitute a new transaction or occurrence but merely provide additional support for his claim that was litigated previously. *See **Kruckenberg**,* 279 Wis. 2d 520, ¶¶25-30. Russell's argument that "fairness" should trump the application of res judicata does not hold water: Kelly is not isolating Cory from Russell; Cory himself does not wish to see his father.

> *4. The circuit court did not err by continuing waiver of Cory's appearance.*

¶16    Russell argues "the [c]ircuit [c]ourt is in perpetual error for continuing to waive the appearance of [Cory] throughout the entirety of this matter." A circuit court's discretionary decisions are reviewed under the erroneous exercise of discretion standard. **Weborg v. Jenny**, 2012 WI 67, ¶41, 341 Wis. 2d 668, 816 N.W.2d 191. "A circuit court erroneously exercises its discretion if it applies an improper legal standard or makes a decision not reasonably supported by the facts of record." **Id.** (citation omitted).

¶17    Although a ward has the right to be present at hearings, the guardian ad litem (GAL) may waive that appearance. WISCONSIN STAT. § 54.44(4)(a) grants the GAL sole discretion to make that determination after considering the ward's ability "to understand and meaningfully participate, the effect of the attendance … on [the ward's] physical or psychological health[,]" and the ward's "expressed desires[.]"

¶18    The GAL waived Cory's appearance at each hearing, and the circuit court accepted each waiver or did not otherwise require his attendance.

¶19     Russell cites to ***Racine County v. P.B.***, 2022 WI App 62, 405 Wis. 2d 383, 983 N.W.2d 721, to support his argument that the waiver of Cory's appearance was an error by the court.  However, Russell ignores many factual differences between ***P.B.*** and this case.

¶20     For one, the individual subject to petitions for guardianship and protective placement in ***P.B.*** wanted to be present for the hearings.  ***Id.***, ¶6.  In addition, the GAL had specifically advised the circuit court that P.B. "'can attend the hearing in court.'"  ***Id.***, ¶3 (emphasis omitted).  Here, Cory expressed, through advocate counsel, his desire not to be present.  In addition, the GAL communicated to the court the significant stress that court proceedings put on Cory.  Specifically, the GAL conveyed to the court in a letter that her meetings with Cory about the prior reviews of conduct caused Cory to appear "stressed, irritable, and uncomfortable[.]"  She further conveyed "that continuing to put [Cory] in a position where he is around his father, or asked about his desire to see his father, serves to unnecessarily provoke him and upset him[.]"  In the motion for protective order, the GAL stated Cory "becomes agitated, angry, and shows noticeable signs of anxiety when asked about the prospect of seeing his father."  She continued, "[Cory] has repeatedly expressed that he does not want to see his father."

¶21     Furthermore, while the circuit court indicated at an October 2024 order to show cause hearing it will not "give carte blanche that he never has to appear in court[,]" the court noted, "I saw the amount of stress that [Cory]'s under. …  The back and forth that this matter has been in is going to do no good to [Cory] to see any of this."

¶22 Moreover, the exercise of Cory's right to be present at the hearing rests with Cory, not Russell. *See* WIS. STAT. § 54.42(5). Unlike in ***P.B.***, where P.B. expressed a desire to be present for the hearing, 405 Wis. 2d 383, ¶1, Cory has not. He has been represented by advocate counsel and a GAL at various points throughout these proceedings, and his wishes were conveyed to the circuit court through those individuals.

¶23 For the foregoing reasons, we conclude the circuit court did not err when it continued to waive Cory's appearance at subsequent reviews of conduct that were dismissed on res judicata grounds.

5. *The circuit court did not err in finding Russell's filing to be frivolous, and the court did not erroneously exercise its discretion by requiring Russell to seek leave of the court prior to making future filings.*

¶24 Russell alleges the circuit court erred in finding his claims frivolous and that the court erroneously exercised its discretion in requiring him to seek leave of the court prior to making future filings in this matter.

¶25 Courts have inherent authority to "ensur[e] that the court functions efficiently and effectively to provide the fair administration of justice[,]" ***City of Sun Prairie v. Davis***, 226 Wis. 2d 738, 749-50, 595 N.W.2d 635 (1999), and "to control its docket with economy of time and effort[,]" ***Rupert v. Home Mut. Ins. Co.***, 138 Wis. 2d 1, 7, 405 N.W.2d 661 (Ct. App. 1987). We have further held "[a] court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." ***Minniecheske v. Griesbach***, 161 Wis. 2d 743, 748, 468 N.W.2d 760 (Ct. App. 1991) (quoting ***Lysiak v. Commissioner***, 816 F.2d 311, 313 (7th Cir. 1987)).

¶26 "This court will uphold a discretionary decision [to impose sanctions] regarding frivolousness 'if [the circuit court] examined the relevant facts, applied a proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach.'" *Wenzel v. Wenzel*, 2017 WI App 75, ¶32, 378 Wis. 2d 670, 904 N.W.2d 384.

¶27 WISCONSIN STAT. RULE 802.05 also provides a basis for sanctions for violations of its requirements. Under RULE 802.05(3), a court may impose sanctions for violations of RULE 802.05(2), which provides in relevant part:

> By presenting to the court, … an … unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, all of the following:
>
> (a) The paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
>
> (b) The claims … stated in the paper are warranted by existing law … .
>
> (c) The allegations and other factual contentions stated in the paper have evidentiary support … .

¶28 Determining frivolousness is a mixed question of law and fact. *Stern v. Thompson & Coates, Ltd.*, 185 Wis. 2d 220, 241, 517 N.W.2d 658 (1994). "Determining what was known or should have been known involves questions of fact. Such findings of fact will not be upset unless they are against the great weight and clear preponderance of the evidence." *Id.* "[T]he ultimate conclusion about whether what was known or should have been known supports a finding of frivolousness … is a question of law which we review independently … ." *Id.*

¶29 The circuit court found a "record of … harassing behavior" and that Russell's review of conduct petition "does nothing more than harass [Kelly] and [Cory] and add[s] unnecessary increased costs in litigation to each party and the Waukesha County taxpayers." The court repeated, "Russell's continued and incessant filings of [r]eview of [c]onducts are frivolous and without merit." In reaching its conclusion, the court cited: (1) Cory's consistent wish to not see Russell as conveyed by Cory's guardian, advocate counsel, guardian ad litem, and prior doctor; (2) testimony from Russell's other son "regarding the nature of the relationships with Russell's sons and the vitriolic environment that Russell specifically fosters"; (3) the "vulgar communication style" Russell utilizes, citing to many records; (4) the flash drive filed by Russell showing him blocking a school bus full of children in Kelly's driveway in an effort to force a visitation with Cory while two police officers told Russell that Cory does not want to see him; (5) the escalation in behavior by Russell; and (6) the waste of court time and taxpayer resources. The court then exercised its inherent authority by narrowly tailoring an order that prevents Russell from filing further matters against Kelly or Cory regarding this case without first receiving leave of the court "to allow this [c]ourt to determine that there is a good faith basis in … fact and law for the motion."

¶30 In the present case, Russell filed eight review of conduct petitions in approximately seventeen months between February 29, 2024, and August 7, 2025. Russell's review of conduct petitions alleged Kelly was isolating Cory, *see* WIS. STAT. § 54.68(2)(cm), and/or that she was not acting in his best interest, *see* § 54.68(2)(g). In his eighth review of conduct petition, Russell alleges Kelly is not acting in Cory's best interests based on events in 2024. *See* § 54.68(2)(g). All of Russell's review of conduct petitions were denied or dismissed. Russell's

13

continued filing of motions, despite consistent dismissals, demonstrates that he knew the claims lacked merit. We also affirmed the circuit court's prior dismissal of these claims and concluded that Kelly was not isolating Cory and was acting in his best interest by restricting contact. ***Rose***, 418 Wis. 2d 155, ¶1. Russell continued to file review of conduct petitions afterward, when he should have known his claims would fail.

¶31 We conclude that Russell should have known his repeated filings were frivolous. Further, we conclude the circuit court did not erroneously exercise its discretion in imposing the narrowly tailored sanction on Russell, as it used its inherent authority to reach a decision that was reasonably supported by the facts of record. All of Russell's claims in his eighth review of conduct petition were from 2024, which were matters and allegations that had already been refuted in his prior review of conduct petitions, including a decision from this court affirming the circuit court's prior findings related to the first and second review of conduct petitions. ***Id.*** As such, we conclude that the court's order prohibiting Russell from making further filings without leave of the court was appropriate to prevent the filing of frivolous motions.

6. *The circuit court did not err by entering the prohibition against future filings by Russell without a hearing.*

¶32 Russell additionally claims the circuit court erred by not holding an order to show cause hearing prior to the prohibition. While the court did not specify whether it was acting under WIS. STAT. § 802.05(3) when entering the prohibition order, and even if it was, the court did not err by entering the order without a hearing. In any event, the failure to hold a hearing is harmless.

¶33    Russell has been sanctioned by the circuit court on two prior occasions: October 14, 2024, and December 16, 2024. Russell was provided notice of the alleged violations and an opportunity to be heard on October 14, 2024. Russell, with the knowledge that frivolous filings would result in sanctions, proceeded to file his fourth review of conduct petition four days later, alleging the same type of conduct by the guardian. At the December 16, 2024 hearing regarding the fourth review of conduct petition, the court entered further sanctions against Russell.

¶34    At the hearing on February 17, 2025, regarding Russell's fifth review of conduct petition, the court stated, "It is absolutely frivolous, [Russell]. It is absolutely frivolous. You are tying up the [c]ourt's resources. You are absolutely tying up the [c]ourt's resources and bringing us all in here for absolutely nothing." Throughout Russell's prior review of conduct petitions, Russell was warned and sanctioned for his frivolous filings.

¶35    Instead of heeding those warnings, Russell continued to ignore the prior findings and orders of the circuit court and filed an eighth review of conduct petition with no new allegations. Russell was given ample notice and opportunities to be heard prior to the court's sanction in the September 2025 order. Moreover, Russell was not ordered to pay a monetary sanction, nor has he been completely prohibited from making future filings. He simply must seek leave of the court to ensure that his future filings are not frivolous and without merit. As such, we conclude the court did not err by refusing to hold yet another hearing on the same frivolous conduct.

¶36    However, even if a hearing was required, the failure to hold a hearing was harmless. WIS. STAT. RULE 805.18(2) provides:

No judgment shall be reversed or set aside or new trial granted in any action or proceeding on the ground of ... error as to any matter of pleading or procedure, unless in the opinion of the court to which the application is made, after an examination of the entire action or proceeding, it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment, or to secure a new trial.

¶37    The supreme court has clarified that "[f]or an error to 'affect the substantial rights' of a party, there must be a reasonable possibility that the error contributed to the outcome of the action or proceeding at issue." *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶28, 246 Wis. 2d 1, 629 N.W.2d 768.  It continued, "[i]f the error at issue is not sufficient to undermine the reviewing court's confidence in the outcome of the proceeding, the error is harmless." *Id.*  While Russell claims his rights have been "significantly affected," he fails to do so with any specificity, instead making generic claims that the alleged error of the court "substantially affects the rights of [Russell]."  He fails to show that there was a reasonable possibility that the alleged error contributed to the outcome of the prohibition.  Given the circuit court's repeated warning and prior sanctions, whether a hearing was held did not affect the outcome.  Russell has not alleged how the outcome would have been different if a hearing had been held.  As such, we conclude that any alleged error is harmless as it did not contribute to the outcome.

*By the Court.*—Order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.